IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHERMAN SOLOMON,
    Plaintiff,

vs.                                         Case No. 5:11cv208/MCR/CJK

DEPT OF FINANCIAL SERVICES, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff is barred from recovering the relief he seeks, and because plaintiff has not presented and cannot present an actionable claim under § 1983.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections confined at Apalachee Correctional Institution ("Apalachee CI"). (Doc. 1). Plaintiff's complaint names four defendants: "Dept. of Financial Services," and three prison officials at Apalachee CI (Assistant Warden Atkins, Food Service Dietician Ms. Leavins, and Food Service Employee Mr. Mercer). Plaintiff alleges that on February 17, 2011, he received his vegan lunch tray and noticed there was meat mixed in with the noodles. When plaintiff complained to defendant Mercer, Mercer responded, "You act like you

never ate meat before. I can't do nothing for you." Plaintiff grieved the incident to defendants Leavins and Atkins. Leavins denied plaintiff's grievance, noting that Mercer told her he cooked "plain" noodles for the vegan meal that day. (Doc. 1, Ex. A). Plaintiff appealed Leavins' response. Assistant Warden Atkins denied the grievance, explaining: "Vegan meal pattern is neither a religious nor a medical diet. Ms. Leavins spoke with staff and they stated that 'plain' (non-meat) noodles were cooked on the day in question." (*Id.*, Ex. B). The Secretary's Office of the DOC denied plaintiff's appeal from Atkins' response. (*Id.*, Ex. C). Plaintiff asserts that this single incident concerning his lunch meal injured him "spiritually and psychologically," because since then he has "developed a severe paranoia about the food I eat here, how they are forcing me to violate the principals pertinent to my worship and the spiritual consequences I may be subject to." (Doc. 1, pp. 8-9). Plaintiff claims the defendants' conduct violated the Eighth and Fourteenth Amendments, because it denied plaintiff "the right to participate and practice my religion." (*Id.*, p. 10). As relief, plaintiff seeks $150,000 in punitive damages for the mental injury he suffered, i.e., having "developed a severe paranoia about the food I eat. . . ." (*Id.*).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell*

*v. Farcass*, 112 F.3d 1483, 1485 (11tth Cir. 1997).  The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's complaint that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody.

Plaintiff's punitive damages claims, which cannot be liberally construed as requesting nominal damages, are based on the mental injury plaintiff suffered as a result of the defendants' conduct. The complaint identifies no physical injury arising from defendants' conduct, much less injury that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). As plaintiff's damages claims are barred as a matter of law, this suit should be dismissed. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Even if plaintiff modified his demand for relief to seek only nominal damages, this suit would still be subject to dismissal for failure to state a claim. An Eighth Amendment claim challenging a prisoner's confinement conditions requires a two-prong showing:  "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)).

Being deprived of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). The circumstances, nature, and duration of the deprivation must be considered in determining whether a constitutional violation has occurred. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *Deapain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 1999)); *see also Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994). The plaintiff in this case alleges that he was deprived of one meal for one day. Under no set of facts can this constitute a significant deprivation, especially where there is no suggestion that plaintiff suffered any adverse physical effects or that his health was jeopardized as a result of the single deprivation. Courts that have considered more significant deprivations of food have declined to find the existence of a constitutional violation. *See, e.g., Gardner v. Beale*, 780 F.Supp. 1073 (E.D. Va.1991), *aff'd* 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (even on a regular, permanent basis, two meals per day may be adequate); *see also Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same

period."); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk); *Adair v. Okaloosa Cnty. Jail*, No. 3:07cv425/MCR/EMT, 2008 WL 564616 (N.D. Fla. Feb. 17, 2008) (concluding that deprivation of one meal does not satisfy Eighth Amendment standard).  Because plaintiff's allegations fail to state a plausible Eighth Amendment claim, this claim should be dismissed.

     Plaintiff's attempt to state a Fourteenth Amendment claim based on his right to practice his religion also fails.  The First Amendment's Free Exercise Clause is applicable to the states through the Fourteenth Amendment.  *See Cantwell v. Conn.*, 310 U.S. 296, 303, 60 S. Ct. 900, 84 L. Ed. 1213 (1940).  To state a First Amendment claim, a prisoner must be able to show that his ability to practice his faith was substantially burdened.  *See Turner v. Safley*, 482 U.S. 78, 85, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); *Cheffer v. Reno*, 55 F.3d 1517, 1522 (11th Cir. 1995).  A "substantial burden" is defined as a burden that either compels a person to engage in conduct that is forbidden by his religion, or conduct that prohibits a person from engaging in conduct required by his religion.  *Cheffner,* 55 F.3d at 1522.  Here, even assuming (without deciding) that plaintiff's choice of a vegan meal was related to a sincerely held religious belief, plaintiff admits that he did not eat the offending meal. Plaintiff's self-described "paranoia" that the meals he eats may not be purely vegan, is not enough to nudge plaintiff's First/Fourteenth Amendment claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case amendment would be futile, so the Court may dismiss this action without allowing amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That plaintiff's "Emergency Petition For Temporary Injunction" (doc. 15) be DENIED.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 9th day of April, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:11cv208/MCR/CJK*